**BENEDETTO LAW GROUP**
JAMES BENEDETTO California Bar No. 259202
4470 W Sunset Blvd., Suite 91775
Los Angeles, California 90027
Telephone: 1-949-232-1982
Facsimile: 1-888-289-8548
Email: blgroup@outlook.com

Attorneys for Defendants
JAAM-TRANSPORT LLC
JUAN LUCIANO SANTIAGO

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,<br><br>Plaintiff,<br>vs.<br><br><br>JAAM TRANSPORT LLC, a Florida limited liability company; JUAN LUCIANO SANTIAGO, an individual; and DOES 1 through 10, inclusive,<br><br><br>Defendants. | Case No.: 8:22-cv-01857-JVS-DFM<br><br>**DEFENDANTS JAAM-TRANSPORT LLC AND JUAN LUCIANO SANTIAGO'S ANSWER AND COUNTERCLAIMS** |
| JAAM TRANSPORT LLC, a Florida limited liability company; and JUAN LUCIANO SANTIAGO, an individual,<br><br>Counter-Claim Plaintiffs,<br><br>vs.<br><br>BALBOA CAPITAL CORPORATION, a California corporation,<br><br>Counter-Claim Defendant. | |

Defendants JAAM-Transport LLC and Juan Luciano Santiago (collectively hereinafter "Defendants"), in answer to the Complaint of plaintiff Balboa Capital Corporation (hereinafter "Plaintiff"), admit, deny, and allege as follows:

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

# I.      **ANSWER**

## PRELIMINARY ALLEGATIONS

1.      In response to Paragraph 1 of the Complaint, Defendants sufficient knowledge or information to form a belief as to the truth of the allegations. Defendants deny each and every allegation.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      In response to Paragraph 5 of the Complaint, Defendants admit that Defendant Juan Luciano Santiago was an authorized representative of Defendant JAAM-Transport LLC. Defendants are not required to answer legal conclusions and argument. Except for the admissions specified herein, Defendants deny each and every other allegation.

6.      In response to Paragraph 6 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

7.      In response to Paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

8.      In response to Paragraph 8 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

DEFENDANTS' ANSWER AND COUNTERCLAIM

9.      In response to Paragraph 9 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

### FIRST CAUSE OF ACTION

(Breach of Equipment Financing Agreement Against Defendant JAAM-TRANSPORT)

10.      In response to Paragraph 10 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

11.      In response to Paragraph 11 of the Complaint, Defendants deny each and every allegation.

12.      In response to Paragraph 12 of the Complaint, Defendants deny each and every allegation.

13.      In response to Paragraph 13 of the Complaint, Defendants deny each and every allegation.

14.      In response to Paragraph 14 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

15.      In response to Paragraph 15 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

DEFENDANTS' ANSWER AND COUNTERCLAIM

16.     In response to Paragraph 16 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

17.     In response to Paragraph 17 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

18.     In response to Paragraph 18 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

**SECOND CAUSE OF ACTION**

(Breach of Guaranty Against Defendant GUARANTOR)

19.     In response to Paragraph 19 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

20.     In response to Paragraph 20 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

21.     In response to Paragraph 21 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

22.     In response to Paragraph 22 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

23.     In response to Paragraph 23 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis deny each and every one of these allegations. In addition, Defendants are not required to answer legal conclusions and argument. Defendants deny each and every allegation.

In addition, Defendants assert the following affirmative defenses with respect to all of Plaintiff's causes of action and claims. These affirmative defenses are proffered with the caveat that Defendants have not had the opportunity to undertake any discovery in this matter and Plaintiffs have not provided their initial disclosures. Accordingly, Defendants reserve the right to amend this Answer to include additional affirmative defenses and/or additional factual bases for affirmative defenses stated below to the extent Defendants deem such amendment(s) necessary.

## II.   AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action or Claim)

1.     The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2.     The Complaint, and each purported cause of action alleged therein, is barred in whole or part by the applicable statutes of limitations.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

3.     The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff lacks standing to assert the Complaint, or any purported cause of action alleged therein.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

4.     The Complaint, and each purported cause of action alleged therein, is unenforceable pursuant to the Statute of Frauds.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.     The Complaint, and each purported cause of action alleged therein, because Plaintiff, by its own conduct, waived one or more of their claims alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Illegality)

6.     The Complaint, and each purported cause of action alleged therein, is barred against Defendants because the entire transaction of events that led to the lawsuit were illegal. The Complaint is contrary to express provisions of law (California Civil Code 1667(1)), contrary to public policy (California Civil Code 1667(2)), contrary to good morals ((California Civil Code 1667(3)). In addition, any liquidated damage provision is illegal and unenforceable because it bears no reasonable relationship to the range of the actual damages that the parties could have anticipated.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

7.      The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff consented to all acts and is therefore not wronged by the complained of acts, omissions, and persons pursuant to California Civil Code 3516.

## EIGHTH AFFIRMATIVE DEFENSE

### (Excuse)

8.      The Complaint, and each purported cause of action alleged therein, under any alleged agreement was excused by virtue of Plaintiff's prior conduct.

## NINTH AFFIRMATIVE DEFENSE

### (Preemption)

9.      The Plaintiff, and each purported cause of action contained therein, is barred because Plaintiff's Federal law claims are preempted by State Law.

## TENTH AFFIRMATIVE DEFENSE

### (Exemption)

10.     The Complaint, and each purported cause of action contained therein, is barred because to the extent Defendant was engaged in an agreement, the agreement is exempt from enforcement from state and federal law and the regulations interpreting the same.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Ratification)

11.     The Complaint, and each purported cause of action contained therein, is barred because the Plaintiff ratified the alleged actions, if any, which occurred and is thereby barred from recovery.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

## TWELFTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

12.     The Complaint, and each purported cause of action contained therein, is barred because the alleged acts and omissions of Defendants alleged in the Complaint were not the proximate cause of the loss or damage for which Plaintiff seeks recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fraud)

13.     The Complaint, and each purported cause of action contained therein, is barred because Plaintiff is barred from recovering any sum by their intentional or negligent misrepresentations and omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Pay Not Willful)

14.     The Complaint, and each purported cause of action contained therein, is barred because assuming *arguendo* that Defendants failed to pay Plaintiff, Defendants cannot be held liable because the failure was not willful.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Activities)

15.     The Complaint, and each purported cause of action contained therein, is barred because assuming *arguendo* that Defendants did not pay Plaintiff every payment, Plaintiff is not entitled to any relief because it was de *minimis* and therefore, not compensable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Failure to Perform Conditions)

16.     The Complaint, and each purported cause of action contained therein, is barred as a result of Plaintiff's failure to perform conditions precedent, concurrent, and/or subsequent under any purported agreement.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Breach of Contract)

17.     The COMPLAINT, and each purported cause of action contained therein, is barred because any failure on the part of Defendants to perform under the terms of the contract was caused by and was a result of Plaintiff's own breach of the terms of the contract.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Unconscionability)

18.     The Complaint, and each purported cause of action contained therein, is barred because the terms of the Contract are unconscionable. The Court has the authority to refuse to enforce an unconscionable Contract or clause is set forth in (California Civil Code 1670.5(a)).

## NINETEENTH AFFIRMATIVE DEFENSE

(Discharge)

19.     The Complaint, and each purported cause of action contained therein, is barred because as to any breach of contract being claimed by Plaintiff, such claim has already been fully discharged.

## TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

20.     The Complaint, and each purported cause of action contained therein, is barred because if Plaintiff suffered any damages by reason of any acts, omissions, or courses of conduct on the part of the Defendants, all or part of the damages were caused by or attributable to the failure of the Plaintiff to act reasonably or prudently to mitigate their damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Integration)

21.     The Complaint, and each purported cause of action contained therein, is barred because Plaintiff is informed and believes, and thereon alleges, that a new contract was

substituted in place of the original contract, if any, and that Plaintiff is banned from recovery on the original contract.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Duress)

22.     The Complaint, and each purported cause of action contained therein, is barred because Plaintiff used duress to obtain the contract.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Fees, Interest, and/or costs-Good Faith Dispute)

23.     The Complaint, and each purported cause of action contained therein, is barred because Plaintiff cannot recover any unpaid billed interest, interest accrued, late charges, reasonable attorney fees, and/or any costs because any alleged failure to pay was based on a good faith dispute regarding the applicable law or facts.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Modification)

24.     The Complaint, and each purported cause of action contained therein, is barred because Defendants are informed and believe, and thereon allege, that the Contract in question was modified by the parties, and that Plaintiff is barred from recovery on the modified original contract, by reason of said modification.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Lack of Specificity)

25.     The Complaint, and each purported cause of action contained therein, is barred because Defendants alleges that they cannot be liable for any alleged breach of Contract because Plaintiff failed to plead specific facts capable of stating a claim for any of the causes of actions listed in the Complaint.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Setoff, Offset, Recoupment)

26.     Some or all of the purported causes of action in the Complaint are subject to setoff, offset, and/or recoupment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff/Third Parties)

27.     The Complaint, and each purported cause of action contained therein, is barred because any injury or damage allegedly suffered by Plaintiff was caused or contributed to by the negligence, fault, bad faith, breach of contract or other wrongful or tortious conduct of Plaintiff and/or persons or entities other than the Defendants, and such conduct offsets, eliminates or comparatively reduces liability, if any, of Defendants.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

28.     The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to entitle Defendants to an award of attorneys' fees in any amount. Moreover, as a consequence of Defendants bringing this action, Defendants are entitled to recover their attorneys' fees incurred herein.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Performance/Payment)

29.     The Complaint, and each purported cause of action contained therein, is barred because Defendants timely, fully, and adequately, performed the terms and conditions prescribed in the contract and imposed by law to the extent that performance was within Defendants' power without cooperation of Plaintiff. Defendants tendered full and complete performance in all other respects, but Plaintiff refused to accept the tender and prevented Defendants' further performance.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

## THIRTIETH AFFIRMATIVE DEFENSE

### (Mistake)

30.     The Complaint, and each purported cause of action contained therein, is barred because any failure on the part of Plaintiff to perform under the terms of the agreement was preceded by the rescission of the agreement for mistake of fact, and that any claims or obligations are unenforceable by reason of mutual mistake.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

31.     The Complaint, and each purported cause of action contained therein, is barred because Plaintiff is estopped from seeking recovery herein because Plaintiff failed to comply with its duties under any alleged contract, and Plaintiff engaged in acts, omissions, representations, and courses of conduct upon which Defendants were led to rely, to their detriment, thereby barring, under the doctrine of equitable estoppel, any causes action asserted by Plaintiff.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Laches)

32.     The Complaint, and each purported cause of action contained therein, is barred by the equitable doctrine of laches, in that Plaintiff unreasonably delayed in bringing these claims, and these delays have caused prejudice to Defendants.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

33.     The Complaint, and each purported cause of action contained therein, is barred by the equitable doctrine of unclean hands.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Reasonableness and Good Faith)

34.     The Complaint, and each purported cause of action contained therein, is barred because Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known to it at the time it so acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

35.     The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff failed to exhaust its administrative remedies before filing suit.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Usury)

36.     The Complaint, and each purported cause of action contained therein, is barred because the original Contract was usurious under Federal and California law (California Constitution Article XV, §1). The defense of usury may not be waived by the borrower at the time a (contract) is made. See *Baruch Inv. Co. v Huntoon* (1967) 257 CA2d 485, 496.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Contributory/Comparative Negligence)

37.     The Complaint, and each purported cause of action contained therein, is barred because Plaintiff's own negligence and/or fault, or that of persons or entities other than Defendants, whether or not parties, was the sole and proximate cause of any of Plaintiff's alleged damages. In the event that the Court should find some comparative liability among the various parties herein, Defendants requests that the court pro rate any damages in accordance with the comparative liability of the parties, if any such liability is found or exists.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

38.     The Complaint, and each purported cause of action contained therein, is barred by the doctrine of accord and satisfaction.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Damages too Speculative)

39.     The Complaint, and each purported cause of action contained therein, is barred because the damages alleged in the Complaint are speculative and therefore not recoverable.

## FORTIETH AFFIRMATIVE DEFENSE

40.     The Complaint, and each purported cause of action contained therein, is barred because Defendants are barred from recovery of the relief sought in the Complaint because the equities do not preponderate in Plaintiff's favor, but rather in favor of Defendants.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

41.     The Complaint, and each purported cause of action contained therein, is barred because Plaintiff is barred from any alleged recovery either in whole or in part by virtue of Plaintiff's breach of implied covenant of good faith and fair dealing.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No opportunity to Cure)

42.     The Complaint, and each purported cause of action contained therein, is barred because Defendants are informed and believe, and thereon allege, that if there presently exists ever existed any or all of the alleged rights, claims, or obligations which Plaintiff seeks by way of this Complaint, said claims or obligations are unenforceable because Plaintiff failed to allow Defendants the opportunity to cure.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Acquiescence and Error)

43.     The Complaint, and each purported cause of action contained therein, is barred because the Complaint is barred from the relief requested in all causes of action in that acquiescence and error remove the right of objection to it pursuant to California Civil Code section 3516.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Own Wrong)

44.     The Complaint is barred from the relief requested in all causes of action in that no one can take advantage of his own wrong pursuant to California Civil Code section 3517.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Rescission)

45.     The Complaint, and each purported cause of action contained therein, is barred because the Contract should be rescinded because of fraud, impossibility, and/or material breach by the Plaintiff.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Reformation)

46.     The Complaint, and each purported cause of action contained therein, is barred because this Contract should be reformed because of fraud, impossibility, and/or material breach by the Plaintiff.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

(Reservation)

## RESERVATION OF RIGHT TO AMEND ANSWER

47.    Defendants hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses on all purported causes of action.

## III.    COUNTER CLAIMS

Defendants and Counterclaim Plaintiffs, JAAM-Transport LLC and Juan Luciano Santiago (collectively "Defendants-Counter-Plaintiffs") hereby counterclaim against Plaintiff Balboa Capital Corporation ("Plaintiff") and in support of same allege as follows:

### Nature of the Counterclaims and Jurisdiction

1.    Defendants bring counterclaims pursuant to Federal Rules of Civil Procedure, Rule 13 subdivision (a).

2.    The Court has subject matter over the state-law counterclaims pursuant to 28 U.S.C. § 1367.

3.    The Court has personal jurisdiction over Plaintiff because the Equipment Financing Agreement at issue contains a forum selection clause whereby the parties expressly agreed that any disputes arising out of the Agreement must be brought in state or federal court in Orange County, California. Moreover, Plaintiff has, by bringing the above-captioned lawsuit against Defendants, subjected itself to the jurisdiction of this Court. Accordingly, venue is proper in this Court.

### PARTIES

4.    Defendant-Counterclaim-Plaintiff JAAM-Transport LLC ("JAAM") is a limited liability company duly organized under the laws of the State of Florida, having its principal place

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

of business in the County of Baker, State of Florida. Any and all members of JAAM are citizens of the State of Florida.

5.     Defendant-Counterclaim-Plaintiff Juan Luciano Santiago, an individual, is, at all times herein mentioned was, an individual residing in the County of Baker, State of Florida.

6.     Plaintiff-Counterclaim-Defendant Balboa Capital Corporation is, upon information and belief, at all times herein mentioned was a corporation duly organized and existing under and by virtue of the laws of the State of California, with its principal place of business in the City of Costa Mesa, County of Orange, State of California.

## FACTUAL ALLEGATIONS

7.     On or about March 20, 2022, at 4008 E. Columbus Drive, Tampa, Florida, Raymond Santiago, Manager of Vehicle Sales for Crossclaim-Defendant Ryder Vehicle Sales LLC stated to Madeline Santiago, Registered Agent for Defendant-Counterclaim-Plaintiff JAAM and Defendant-Counterclaim-Plaintiff Juan Luciano Santiago that the truck that Defendant-Counterclaim-Plaintiff JAAM wanted to purchase had a 30-day warranty.

8.     The intent and purpose of the statement was to induce Defendant-Counterclaim-Plaintiff JAAM to enter into a contract with Ryder Vehicle Sales LLC to purchase the vehicle.

9.     In addition, the intent and purpose of the statement was to induce Defendant-Counterclaim-Plaintiff JAAM and Defendant-Counterclaim-Plaintiff Juan Luciano Santiago to enter into an Equipment Financing Agreement contract with Plaintiff-Counterclaim-Defendant Balboa Capital Corporation.

10.     On information and belief, at all relevant times Ryder Vehicle Sales LLC was acting as an agent for Plaintiff-Counterclaim-Defendant Balboa Capital Corporation by requiring Defendants-Counterclaim-Plaintiffs to acquire financing through Plaintiff-Counterclaim-Defendant Balboa Capital Corporation with Plaintiff-Counterclaim-Defendant Balboa Capital Corporation's authority and for financial compensation.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

11.     Plaintiff-Counterclaim-Defendant Balboa Capital Corporation's conduct of providing the Equipment Financing Agreement as well as its awareness of all the surrounding facts and its own contractual relationship with Ryder Vehicle Sales LLC establishes that Plaintiff-Counterclaim-Defendant Balboa Capital Corporation gave Ryder Vehicle Sales LLC authority to act on its behalf and therefore, Ryder Vehicle Sales LLC was Plaintiff-Counterclaim-Defendant Balboa Capital Corporation's agent.

12.     On or about March 20, 2022, at 4008 E. Columbus Drive, Tampa, Florida, Raymond Santiago, Manager of Vehicle Sales for Ryder Vehicle Sales LLC reiterated that the Freightliner Truck Vehicle Identification Number: 3ALACWDT9FDGF5196 that Defendant-Counterclaim-Plaintiff JAAM wanted to purchase had a 30-day warranty.

13.     On or about March 30, 2022, Defendant-Counterclaim-Plaintiff JAAM purchased a Freightliner Truck Vehicle Identification Number: 3ALACWDT9FDGF5196 from Ryder Vehicle Sales LLC and executed the Equipment Financing Agreement with Plaintiff-Counterclaim-Defendant Balboa Capital Corporation.

14.     Soon after driving Freightliner Vehicle, Defendants-Counterclaim-Plaintiffs soon began experiencing defects, including faulty fuel line and airbrakes. The first discovery of defects occurred on or about on or about April 15, 2022, just two (2) weeks after purchase.

15.     On or about April 15, 2022, Defendants-Counterclaim-Plaintiffs reported the defects to Ryder Vehicle Sales LLC. Ryder Vehicle Sales LLC warranty department decided to have the truck repaired by the manufacturer, Freightliner. Freightliner advised that the entire fuel system had to be replaced at a cost of over $20,000. Instead of authorizing the repair at Freightliner, Ryder Vehicle Sales LLC took the truck to another service center.

16.     Ryder Vehicle Sales LLC returned the truck back to Defendants-Counterclaim-Plaintiffs and stated that the repairs were complete. Defendants-Counterclaim-Plaintiffs

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

requested proof of the repairs, but Ryder Vehicle Sales LLC refused stating: "We don't give that information out."

17.     To no avail, the mechanics attempted to retore the Freightliner Vehicle to an operable state. Shortly thereafter, Defendants-Counterclaim-Plaintiffs notified Ryder Vehicle Sales LLC of their intent to rescind the purchase of the Freightliner Vehicle and/or exchange it for another vehicle.

18.     A short time later after notifying Plaintiff-Counterclaim-Defendant Balboa Capital Corporation of Defendants-Counterclaim-Plaintiffs intent to rescind the purchase of the Freightliner Vehicle and/or exchange it for another vehicle. Plaintiff-Counterclaim-Defendant Balboa Capital Corporation notified Defendants-Counterclaim-Plaintiffs that it was accelerating and declaring immediately due and payable the entire unpaid balance.

19.     Plaintiff-Counterclaim-Defendant Balboa Capital Corporation then filed suit in the Superior Court of California, County of Orange for breach of contract and guaranty. The case was removed to federal court based on diversity of citizenship.

## COUNT 1

## BREACH OF EXPRESS WARRANTY

20.     Defendants-Counterclaim-Plaintiffs incorporate by reference all of the preceding allegations of this Counterclaim, as though fully set forth herein.

21.     On or about March 20, 2022, Plaintiff-Counterclaim-Defendant Balboa Capital Corporation by and through its agents Ryder Vehicle Sales LLC by and through its agent Raymond Santiago in the scope of his employment as Manager of Vehicle Sales made a statement in person at 4008 E. Columbus Drive, Tampa, Florida, to Madeline Santiago, Registered Agent for Defendant-Counterclaim-Plaintiff JAAM and Defendant-Counterclaim-Plaintiff Juan Luciano Santiago that the truck that Defendant-Counterclaim-Plaintiff JAAM was interested in purchasing had a 30-day warranty.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

22.     On or about March 20, 2022, at 4008 E. Columbus Drive, Tampa, Florida, Raymond Santiago, Manager of Vehicle Sales for Ryder Vehicle Sales LLC reiterated that the Freightliner Truck Vehicle Identification Number: 3ALACWDT9FDGF5196 that Defendant-Counterclaim-Plaintiff JAAM wanted to purchase had a 30-day warranty.

23.     The Freightliner Truck Vehicle Identification Number: 3ALACWDT9FDGF5196 did not perform as stated and did not meet the quality of the description.

24.     Defendants-Counterclaim-Plaintiffs took reasonable steps to notify Plaintiff-Counterclaim-Defendant Balboa Capital Corporation and Ryder Vehicle Sales LLC within a reasonable time that the Freightliner Truck Vehicle Identification Number: 3ALACWDT9FDGF5196 was not as represented, whether or not Plaintiff-Counterclaim-Defendant Balboa Capital Corporation or Ryder Vehicle Sales LLC received such notice.

25.     Plaintiff-Counterclaim-Defendant Balboa Capital Corporation and Ryder Vehicle Sales LLC failed to repair the defective fuel line in the Freightliner Truck Vehicle Identification Number: 3ALACWDT9FDGF5196 as required by the warranty.

26.     Defendants-Counterclaim-Plaintiffs were harmed; and

27.     The failure of the Freightliner Truck Vehicle Identification Number: 3ALACWDT9FDGF5196 to be represented was a substantial factor in causing Defendants-Counterclaim-Plaintiffs harm.

## COUNT 2

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

28.     Defendants-Counterclaim-Plaintiffs incorporate by reference all of the preceding allegations of this Counterclaim, as though fully set forth herein.

29.     Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. This covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

30.     Alternatively, if terms of the equipment financing agreement as Defendants-Counterclaim-Plaintiffs allege them, then Plaintiff-Counterclaim-Defendant Balboa Capital Corporation has a duty of good faith and fair dealing to aid Defendants-Counterclaim-Plaintiffs in obtaining repairs under warranty. Cross-defendants enjoyed substantial discretionary power affecting the rights of Defendants-Counterclaim-Plaintiffs during the events alleged. Plaintiff-Counterclaim-Defendant Balboa Capital Corporation had to exercise such power in good faith.

31.     Cross-defendants acted in bad faith when they accelerated and declaring immediately due and payable the entire unpaid balance of the equipment financing agreement after being notified that Ryder Vehicle Sales LLC was seeking a recission of the purchase agreement and the equipment financing agreement.

32.     Plaintiff-Counterclaim-Defendant Balboa Capital Corporation actions have been willful and knowing. Because of Plaintiff-Counterclaim-Defendant Balboa Capital Corporation breach of this covenant, Defendants-Counterclaim-Plaintiffs have suffered injury. The injury has caused Defendants-Counterclaim-Plaintiffs to suffer the loss of their good credit and incur attorney fees and other costs and expenses to attempt to resolve this lawsuit.

## COUNT III

## FRAUD AND DECEIT

33.     Defendants-Counterclaim-Plaintiffs incorporate by reference all of the preceding allegations of this Counterclaim, as though fully set forth herein.

34.      On or about March 20, 2022, Plaintiff-Counterclaim-Defendant Balboa Capital Corporation by and through its agents Ryder Vehicle Sales LLC by and through its agent Raymond Santiago in the scope of his employment as Manager of Vehicle Sales made a statement in person at 4008 E. Columbus Drive, Tampa, Florida, to Madeline Santiago, Registered Agent for Defendant-Counterclaim-Plaintiff JAAM and Defendant-Counterclaim-Plaintiff Juan Luciano Santiago that the Freightliner Truck Vehicle Identification Number: 3ALACWDT9FDGF5196 that Defendant-Counterclaim-Plaintiff JAAM was interested in purchasing had a 30-day warranty.

35.      The representation was false. The bill of sale stated that the vehicle is sold "AS IS."

36.      Plaintiff-Counterclaim-Defendant Balboa Capital Corporation, knew when these representations were made by Ryder Vehicle Sales LLC, acting as an agent of Plaintiff-Counterclaim-Defendant Balboa Capital Corporation acting within the scope of its duties when the statements were made and with the purpose and intent to induce Defendants-Counterclaim-Plaintiffs to enter into an Equipment Financing Agreement.

37.      Defendants-Counterclaim-Plaintiffs were ignorant of the falsity of the representations and believed them to be true. In justifiable reliance on these representations, Defendants-Counterclaim-Plaintiffs entered into the Equipment Finance Agreement. Had Defendants-Counterclaim-Plaintiffs known the actual facts, they would not have entered into the Equipment Finance Agreement or the Purchase Agreement.

38.      Defendants-Counterclaim-Plaintiffs reliance on Crossclaim-Defendant Ryder Vehicle Sales LLC's representations were justified.

39.      Defendants-Counterclaim-Plaintiffs have been damaged in doing the acts alleged, Plaintiff-Counterclaim-Defendant Balboa Capital Corporation acted with oppression, fraud, and

malice and Defendants-Counterclaim-Plaintiffs are entitled to punitive damages according to proof.

40. On or about March 20, 2022, Plaintiff-Counterclaim-Defendant Balboa Capital Corporation by and through its agents Ryder Vehicle Sales LLC by and through its agent Raymond Santiago in the scope of his employment as Manager of Vehicle Sales made a statement in person at 4008 E. Columbus Drive, Tampa, Florida, to Madeline Santiago, Registered Agent for Defendant-Counterclaim-Plaintiff JAAM and Defendant-Counterclaim-Plaintiff Juan Luciano Santiago that the truck that Defendant-Counterclaim-Plaintiff JAAM was interested in purchasing had a 30-day warranty.

41. Plaintiff and its agents acted intentionally with malice, oppression, or fraud in conscious disregard for the rights of Defendants-Counterclaim-Plaintiffs.

## REQUEST FOR RELIEF

**WHEREFORE**, Defendants pray that this Court enters a judgment, as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants.

2. That Defendants be awarded compensatory damages in an amount to be determined at trial.

3. That Defendants be awarded punitive damages in an amount to be determined at trial.

4. That Defendants be awarded their costs of suit incurred in defense of this action, including reasonable attorney's fees; and

5. For such further and other relief as the Court may deem just and proper.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

## DEMAND FOR JURY TRIAL

Defendants hereby request a jury trial.

BENEDETTO LAW GROUP
4470 W Sunset Blvd., Suite 91775
Los Angeles, CA 90027

Respectfully Submitted,

Dated: October 19, 2022,                          **BENEDETTO LAW GROUP**

                                          By    /s/ James Benedetto
                                             _____

                                             **JAMES BENEDETTO**
                                             Attorney for Defendants
                                             JAAM-TRANSPORT LLC
                                             JUAN LUCIANO SANTIAGO

DEFENDANTS' ANSWER AND COUNTERCLAIM

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2022, I caused a true and correct copy of the

foregoing DEFENDANTS JAAM-TRANSPORT LLC AND JUAN LUCIANO SANTIAGO'S

ANSWER AND COUNTERCLAIMS to be served upon Plaintiff Balboa Capital Corporation

("Plaintiff"), a California corporation by service to Plaintiff's Counsel by United States First-

Class Mail, postage prepaid addressed as follows:

> Michelle A. Chiongson, Esq.
>
> Marisa D. Poulos, Esq.
>
> Katherine S. Agbayani, Esq.
>
> 575 Anton Boulevard, 12th Floor
>
> Costa Mesa, CA 92626

Dated: October 19, 2022                            /s/ James Benedetto, Esq.
                              _____
                                                  James Benedetto, Esq.